IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| CHRISTINE ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| UNITED RECOVERY GROUP, | ) _____ |
| SOUTHWEST CREDIT SYSTEMS, L.P., | ) |
| AND MIDLAND FUNDING, LLC, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Midland Funding, LLC ("Midland"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, gives notice of the removal of this action from the District Court of Kenton County, Kentucky, to the United States District Court for the Eastern District of Kentucky, Covington Division. As grounds in support of this removal, Midland states as follows:

### I. INTRODUCTION

1.  Plaintiff Christine Anderson ("Plaintiff") commenced this action by filing a complaint against defendants United Recovery Group ("URG"), Southwest Credit Systems, L.P. ("Southwest"), and Midland in the District Court of Kenton County, Kentucky, Case No. 13C003721 on or about September 6, 2013.

2. Plaintiff's complaint asserts claims against Midland relating to alleged improper collection of a debt. [*See generally* Compl.]

3. Based on these allegations, Plaintiff attempts to assert federal claims against Midland under the Fair Debt Collection Practices Act ("FDCPA"). [*Id.*]

4. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

## II. FEDERAL QUESTION JURISDICTION

5. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6. This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff is asserting a claim against Midland based upon alleged violations of the FDCPA, which is a federal consumer protection statute. [*See* Compl.; *see also* 15 U.S.C. § 1601 *et seq.*, 15 U.S.C. § 1692 *et seq.*] Accordingly, Plaintiff's FDCPA claim arises under the laws of the United States and could have been originally filed in this Court.

### III. ADOPTION AND RESERVATION OF DEFENSES

7. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Midland's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### IV. PROCEDURAL REQUIREMENTS

8. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

9. Midland is not required to obtain consent to the removal of this action from URG or Southwest because Defendants have been misjoined in this action. "The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or **otherwise properly joined** in the action must either join in the removal, or file a written consent to the removal." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999) (emphasis added). In turn, Rule 20 allows permissive joinder of claims, and a plaintiff may join his or her claim against multiple defendants if they assert a right to relief "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Additionally, Rule 20 requires that defendants may be joined in an action if "any question of law or fact common to all defendants will arise in the action." *Id.* at 20(a)(2)(B). "The Federal Rules

of Civil Procedure do not define misjoinder, but the cases make clear that misjoinder occurs when parties fail to satisfy the conditions for permissive joinder under Fed. R. Civ. P. 20(a)." *See, e.g., Coalition to Defend Affirmative Action v. Regents of the Univ. of Mich.*, 701 F.3d 466, 489 (6th Cir. 2012) (quoting *Glendora v. Malone*, 917 F. Supp. 224, 227 (S.D.N.Y. 1996)).

10. Based on the allegations in Plaintiff's Complaint, the defendants in this action are misjoined because Plaintiff does not assert a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences. Plaintiff alleges that her FDCPA claim against Southwest is based on a debt that Plaintiff owed on a Cingular Wireless account. [*See id.* at ¶ 30.] Plaintiff's FDCPA claim against Midland, however, is based on a debt that originated with GE Retail Capital Bank as a JC Penny credit card. [*See id.*, ¶ 25.] Because the claims against Midland and Southwest are based on completely separate, unrelated accounts, these Defendants are misjoined. *See Michaels Bldg. v. Ameritrust Co., N.A.*, 848 F.2d 674 (6th Cir. 1988) (affirming dismissal of defendant based on misjoinder where the various transactions involved different banks, different contracts, and different terms); *Turpeau v. Fidelity Fin. Servs., Inc.*, 936 F. Supp. 975, 978-80 (N.D. Ga. 1996) (granting defendants' motion to sever claims based on misjoinder when the claims involved various credit transactions between different plaintiffs and different defendants). Moreover, Plaintiff's Complaint is devoid of any allegations that URG and Midland attempted to collect on the same account. [*See generally* Compl.]

11. Further, Plaintiff's claims against Midland and URG are misjoined because they do not contain a question of law or fact common to both defendants. Plaintiff's FDCPA and FCRA claims against URG are based on the allegation that URG made an impermissible hard

2120846 v1          4

credit inquiry on Plaintiff's credit report. [*See* Compl., ¶ 38.] These facts are completely unrelated to the facts alleged against Midland, which are based on the allegation that Midland violated the FDCPA by reporting and attempting to collect a debt upon which Midland did not have the right to charge interest. [*See id.* at ¶24, 28.] Because Plaintiff's claims against Midland and URG are based on vastly different facts, they are improperly joined. *See Jones v. Pancake*, Nos. 3:06CV-P188-H, 3:07CV00634-JGH, 07-cv-00111-HRW, 2007 WL 4104568, at *3 (W.D. Ky. Nov. 14, 2007). Accordingly, Midland is not required to obtain consent to the removal of this action from the other Defendants.

12. Although Midland is not required to obtain consent from the other Defendants, Southwest consents to the removal of this action. Southwest's consent to the removal is attached hereto as Exhibit "A."[1]

13. True, correct, and certified copies of "all process, pleadings, and orders" are attached hereto as Exhibit "B" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Midland to date in this case.

14. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446, as Midland was served with process on September 17, 2013.

15. Midland has heretofore sought no similar relief.

16. The United States District Court for the Eastern District of Kentucky, Covington Division, is the court and division embracing the place where this action is pending in state court.

---

[1] Midland is unable to determine whether URG has been properly served in this action. Even if URG's claims related to the same set of operative facts, its consent to removal is not required if it has not been properly served.

17. Contemporaneously with the filing of this notice of removal, Midland has filed a copy of same with the clerk of the District Court of Kenton County, Kentucky and a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

18. Midland reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

**WHEREFORE**, Midland prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the District Court of Kenton County, Kentucky, to the United States District Court for the Eastern District of Kentucky, Covington Division.

Respectfully submitted this 7th day of October, 2013.

/s/ *Reid S. Manley*
Reid S. Manley
Kentucky Bar No. 90360
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rmanley@burr.com

Attorney for Defendant
MIDLAND FUNDING, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on the following by Electronic Filing, and/or by U.S. First Class Mail, hand delivery, fax or email on this 7th day of October, 2013:

James McKenzie
*James R. McKenzie Attorney, PLLC*
4055 Shelbyville Road
Suite B
Louisville, Kentucky 40207
Telephone: (502) 371-2179
Facsimile: (502) 257-7309
jmckenzie@jmckenzieatty.com

James H. Lawson
*Lawson at Law, PLLC*
4055 Shelbyville Road
Suite B
Louisville, Kentucky 40207
Telephone: (502) 473-6525
Facsimile: (502) 473-6561
james@kyclc.com

/s/ Reid S. Manley
OF COUNSEL

2120846 v1